IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINICHINO, | No. C 11-01030 SI |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE, ALLOWING AMENDED COMPLAINT TO BE FILED, AND AMENDING SCHEDULE** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On January 13, 2011, plaintiff filed a lawsuit in Marin County Superior Court seeking to challenge the December 17, 2010 foreclosure on plaintiff's residence in Sausalito, California. Defendant Wells Fargo Bank, N.A. was served on February 2, 2011, and on March 4, 2011, removed the action to this Court on the basis of diversity jurisdiction. Defendant filed a motion to dismiss the complaint on March 11, 2011. Docket No. 5.

Plaintiff was represented by counsel in her state court action. However, upon removal to this Court, plaintiff sought to be substituted in as counsel and be allowed to continue *pro se*. That request was granted by this Court on April 18, 2011.

On April 4, 2011 – prior to the Order allowing plaintiff to proceed *pro se* – plaintiff filed an Amended Complaint, asserting a host of new causes of action. The Amended Complaint is not signed by plaintiff's attorney, but is instead signed by Ms. Minichino and by "Bruce Lewis." Mr. Lewis does not provide a bar number and does not appear to be an attorney.

On April 19, 2011, the Court issued a clerk's notice directing that defendant's "motion to dismiss shall either be scheduled for argument or withdrawn as moot due to the filing of the Amended Complaint." Docket No. 15. On April 20, 2011, defendant renoticed its original motion to dismiss the

original complaint (Docket No. 5) and filed a motion to strike the Amended Complaint (Docket No. 16) arguing that the Amended Complaint was improperly filed. Defendant indicated it would move to dismiss the Amended Complaint only after the Court advised defendant that the Amended Complaint is approved for filing. Motion to Strike at 4-5.

Given plaintiff's *pro se* status, the Court finds that it is appropriate to allow plaintiff to file her Amended Complaint (Docket No. 9) and consider it as the operative complaint. The Court does not know who Bruce Lewis is, and absent proof he is an attorney admitted to practice in this Court, the Court instructs plaintiff that any future documents submitted to this Court must be signed *only* by plaintiff who has been granted leave to proceed *pro se*.

For the foregoing reasons, defendant's motions to dismiss and to strike (Docket Nos. 5, 16) are DENIED. The May 27, 2011 hearing is VACATED.

Defendant shall file a file a new motion to dismiss, directed at the claims asserted in the Amended Complaint. The June 10, 2011 hearing on defendant's pending motion to expunge the notice of lis pendens (Docket No. 20) is VACATED. That motion shall be renoticed for hearing on the same date as the motion to dismiss the Amended Complaint.

**IT IS SO ORDERED.**

Dated: May 23, 2011

SUSAN ILLSTON
United States District Judge