IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINICHINO, | No. C 11-01030 SI |
| Plaintiff, | **ORDER SETTING BRIEFING SCHEDULE** |
| v. | |
| WELLS FARGO BANK, N.A., et al. | |
| Defendants. | |

On August 4, 2011, the Court issued an Order to Show Cause requiring plaintiff to file an opposition or other response to defendants' pending motions to dismiss and strike on or before August 12, 2011. Docket No. 39. The Court cautioned plaintiff that if she failed to comply, the Court would dismiss this case for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). *Id*.

On August 12, 2011, plaintiff filed a "declaration." Docket No. 41. That declaration does not respond substantively to defendants' motions, but instead asserts that plaintiff filed a bankruptcy petition in Honolulu, Hawaii on June 8, 2011 and this action should be stayed as a result. *Id*., at pg 3 of 8.[1] Plaintiff claims that she notified this Court of the pendency of the bankruptcy action – although the Court's docket does not reflect any such notification – as well as defense counsel in this case.

On August 17, 2011, defendants filed a response. Defendants argue that this case is not stayed as a result of plaintiff's bankruptcy petition in Hawaii because plaintiff is a prosecuting plaintiff in this case. *See Parker v. Bain (In re Parker)*, 68 F.3d 1131, 1135 (9th Cir. 1995) (noting automatic stay

---

[1] Through her declaration, plaintiff also attempts to raise a motion for sanctions against defense counsel and add claims to her complaint. Those attempts are procedurally improper. If plaintiff wants to seek sanctions and/or seek leave to amend her complaint, she must do so through a noticed motion consistent with the Federal Rules of Civil Procedure and Civil Local Rule 7.

provision applies only to action brought *against* debtor).  Defendants also submit a copy of the docket from the Bankruptcy Court showing that plaintiff's petition was dismissed with a 180-day bar to refiling on July 28, 2011.  *See* Request for Judicial Notice (Docket No. 43) at Exhibit 2.  The Court notes that on August 3, 2011, plaintiff filed a motion to reconsider the dismissal of her petition, but that motion has not been ruled on.  *Id.*

Defendants suggest, that since this case is not stayed by the bankruptcy proceeding, plaintiff be given thirty (30) days to respond to defendants' motions to dismiss and strike (Docket Nos. 34 & 35).

The Court finds that this case was not and is not affected by plaintiff's bankruptcy petition. Plaintiff shall file a substantive opposition or other response to defendants' motions to dismiss and strike on or before **September 21, 2011.**  If plaintiff does not file an opposition or other substantive response on or before that date, this Court will dismiss this case for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).  If plaintiff complies with this Court's order, defendants may file a reply on or before **October 5, 2011** and the case will be submitted for resolution on the papers.

The Clerk shall update the Court docket for this case to include the following address for plaintiff: P.O. Box 796, Kihei, HI 96753.  The clerk shall also update plaintiff's phone and fax numbers in the Court's docket.  *See* Docket No. 41, pg. 6.  Plaintiff is cautioned that it is her responsibility to notify the Court of any additional changes in her contact information.

**IT IS SO ORDERED.**

Dated: August 19, 2011

SUSAN ILLSTON
United States District Judge

2