United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIE MINICHINO,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.

    Defendants.

No. C 11-01030 SI

**ORDER GRANTING MOTION TO DISMISS**

Currently before the Court are defendant Wells Fargo Bank's motions to dismiss and strike plaintiff's Amended Complaint ("AC"). For the following reasons, the Court GRANTS defendant's motion to dismiss and DISMISSES the complaint.

## BACKGROUND

Plaintiff was the owner of property located at 174 San Carlos Ave., Sausalito, CA 94965 ("Property"). Plaintiff alleges that in 2004 she obtained a mortgage loan from World Savings Bank, FSB. Plaintiff also alleges that defendant Wells Fargo is the "successor by merger to Wells Fargo Bank Southwest, NA F/K/A/ Wachovia FSB F/K/A/ World Savings Bank, FSB." Complaint, ¶ 3.[1] The loan fell into default and a notice of default was recorded on February 25, 2010. *See* Request for Judicial Notice Docket No.21, Ex. F. A notice of trustee's sale was recorded on June 1, 2010 (*id*., Ex. G) and on or around December 17, 2010, Wells Fargo conducted a non-judicial foreclosure auction and Wells

---

[1] Consistent with plaintiff's allegations, Wells Fargo Bank, N.A. appears here as "successor by merger with Wells Fargo Bank, Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB."

Fargo took the Property in lieu of the deed of trust. *Id.*, ¶ 4; *see also* RJN Docket No. 21, Ex. H.  An unlawful detainer complaint was filed on January 18, 2011. RJN Docket No. 36 at Ex. 9.  Following default, a judgment for possession was filed and entered on February 14, 2011. *Id.*, Ex. 10.

Plaintiff initiated this action on January 13, 2011, by filing a complaint for quiet title and declaratory relief in Marin County Superior Court. Docket No. 1.  The complaint was removed to this Court under diversity jurisdiction and on April 4, 2011, plaintiff filed an Amended Complaint.  The Amended Complaint alleges causes of action for: (1) perjured and false document filings; (2) breach of contract; (3) forgery; (4) deceit; (5) conversion; (6) embezzlement; (7) conspiracy to violate civil rights; (8) theft by deception; (9) unlawful seizure of property; (10) retaliation; (11) violation of civil rights 42 U.S.C. § 1983; (12) extortion; (13) intentional infliction of emotional distress; (14) abuse of process; and (15) common law commercial lien default.[2]

On April 28, 2011, Wells Fargo filed a motion seeking to expunge the lis pendens plaintiff had filed and recorded against the Property.  On June 7, 2011, after a hearing where plaintiff attended by phone, the Court granted the motion to expunge the lis pendens because plaintiff's operative complaint sought only damages.  On June 30, 2011, defendant filed motions to dismiss and strike plaintiff's Amended Complaint.  Plaintiff failed to file an opposition or otherwise respond to the motions. Therefore, on August 4, 2011, the Court vacated the prior hearing date and directed plaintiff to file an opposition or other response to the pending motions on or before August 12, 2011.  The Court warned plaintiff that if she did not respond, the Court would dismiss the case for failure to prosecute.  Docket No. 39.

On August 12, 2011, plaintiff filed a "declaration" which did not respond substantively to the arguments made in defendant's motions, but instead argued that this case should be stayed in light of plaintiff's bankruptcy proceedings in Hawaii.  Docket No. 41.  The Court reviewed the documents submitted by plaintiff, as well as those submitted by Wells Fargo, and concluded that this case was not

---

[2] Wells Fargo objected to plaintiff's attempt to file the Amended Complaint because on her initial complaint plaintiff was represented by counsel but plaintiff filed her Amended Complaint pro se. The Court granted plaintiff's motion to substitute in as counsel pro se, overruled Wells Fargo's objections to the filing of the Amended Complaint, and allowed plaintiff to proceed on her Amended Complaint. *See* Docket Nos.13, 22.

2

1  affected by plaintiff's bankruptcy petition. Docket No. 44. The Court then ordered plaintiff to file a
2  substantive opposition or other response to defendant's motions to dismiss and strike on or before
3  September 21, 2011, and noted that the matter would be taken under submission after defendant filed
4  its reply. On August 29, 2011, plaintiff filed a "request for judicial notice" [Docket No. 47] and on
5  September 23, 2011, filed a response to the motion to dismiss as well as a motion for summary
6  judgment. Docket No. 48. On September 30, 2011, Wells Fargo filed a reply in support of its motions
7  to dismiss and strike, as well as a response to plaintiff's motion for summary judgment. Docket Nos.
8  49-50.

9  The issues in this case have now been fully briefed and are ready for determination.

## DISCUSSION

### I. Defendant's Motion to Dismiss

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an

3

obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Plaintiff's Claims in Her Amended Complaint Fail As a Matter of Law

Each of plaintiff's claims fails as a matter of law. The Court will address each claim in turn.[3]

#### 1. Perjured & False Documents (First Claim)

In this claim, plaintiff asserts that unspecified documents used by Wells Fargo in the non-judicial foreclosure and the resulting unlawful detainer action were perjured and false. However, plaintiff's attempt to challenge the propriety of the foreclosure is precluded by the now-completed unlawful detainer proceedings. The unlawful detainer complaint filed in Superior Court alleged that Wells Fargo became the owner of the Property as a result of a "foreclosure that was conducted in full compliance with California Civil Code Section 2924 *et seq*." *See* RJN Docket No. 36 at Ex. 9, ¶ 5. Default judgment was entered on the unlawful detainer complaint on February 14, 2011, and, therefore, all allegations in that complaint are deemed true. *Id*., Ex. 10. In similar circumstances, the California Court of Appeal has found that an unlawful detainer judgment had claim preclusive effect in a

---

[3] Starting with the theft by deception claim, plaintiff misnumbers the claims in her Amended Complaint. The Court, therefore, will refer to the claims in the order in which they are raised in the Amended Complaint and not by the numbers used by plaintiff.

4

subsequent action challenging a foreclosure sale and the validity of a property's title. *See Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 975-76 (Cal. App. 2010) (finding subsequent claims regarding invalidity of a foreclosure and trustee's sale barred by stipulated judgment in unlawful detainer action accepting allegations in complaint as true). This claim, therefore, is barred as a matter of law.

Moreover, the only Wells Fargo document plaintiff identifies as being false or perjured is the Declaration of Vanessa Perez, attached as Exhibit C to her Amended Complaint. AC, ¶¶ 35-36 & Ex. C thereto. In that declaration, Perez declares that pursuant to California Civil Code section 2923.5, Wells Fargo had tried with due diligence to contact the borrower, Ms. Minichino. Plaintiff has failed to allege what in the affidavit at issue is false. More problematic, however, is the fact that Section 2923.5 only requires a mortgage lender to discuss with homeowners options, including loan modifications or payment plans, to avoid foreclosure. *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (Cal. App. 2010) (the extent of a private right of action under Civ. Code, § 2923.5, is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with § 2923.5). Plaintiff admits in her declaration attached to the Amended Complaint that she repeatedly sought but was denied loan modifications from Wells Fargo. Plaintiff's own admission that she engaged in negotiations with Wells Fargo, which is all that Section 2923.5 requires, demonstrates she could not have been damaged by the alleged fraudulent declaration of Ms. Perez.

For the foregoing reasons, plaintiff's false and perjured documents claim is DISMISSED without leave to amend as the defects in this claim cannot be cured by amendment.

### 2. Breach of Contract (Second Claim)

In September 2004, plaintiff borrowed $677,000 from World Savings ("Loan") secured by a deed of trust against the Property. Complaint, ¶ 2; AC, ¶ 23; *see also* RJN Docket No. 36, Ex. 1. The deed of trust was recorded with Marin County on September 28, 2004. RJN Docket No. 36, Ex. 1. Plaintiff now complains that World Savings never loaned plaintiff the $677,000 secured by the deed of trust, but instead opened a secret "demand deposit account" ("DDA") in violation of the loan agreement. *See, e.g.*, AC at 10-11. Plaintiff also alleges that the promissory note was deposited into the DDA, and

5

that defendant then converted the promissory note for its "own use and benefit," presumably by securitizing the note. AC, ¶49(a)-(d). As best the Court can tell, the essence of plaintiff's argument is that defendant never put out any of its own money, but relied on plaintiff's credit – the promissory note – to raise funds through securitizing the note.[4]

Plaintiff's claim for breach of contract is barred by the applicable four year statute of limitations. California Code of Civ. Proc. § 337(1). Plaintiff asserts that she "justifiably ceased making loan payments to Defendant(s) late 2009 when she discovered the Defendant(s) breached the original transaction terms by not loaning her the funds promised." AC, ¶48 and pgs. 10-11. As noted above, the loan was entered into in 2004, and while plaintiff invokes the doctrine of fraudulent concealment in the "arguments for tolling the statute of limitations if questioned" section of her Amended Complaint, plaintiff fails to allege any facts showing that defendant's alleged conduct was hidden from plaintiff.[5]

Moreover, the closing statement plaintiff attached to her Amended Complaint shows exactly how the loan was funded and where the money in the escrow went, including to pay off two existing loans. *See* AC, Ex. E [Docket No. 9-2 at 24]. As such, even if plaintiff's breach of contract claim was not barred by the statute of limitations, it would fail as a matter of law. The conduct plaintiff complains of cannot support a claim for breach of contract when plaintiff's own evidence shows plaintiff received the benefit of contract, because the mortgage loan was funded in escrow as shown by the closing statement. AC, Ex. E.

Plaintiff's breach of contract claim, therefore, is DISMISSED without leave to amend.

---

[4] These factual allegations form the bases of plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Twelfth, and Fourteenth Claims.

[5] In order to rely on a theory of delayed discovery, a plaintiff must allege specific facts demonstrating: "(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when [s]he did actually discover the fraud or mistake." *Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1525 (Cal. App. 1995) (noting also that "'when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [her] investigation (such as public records or corporation books), the statute commences to run.'" *Id.* (quoting 3 Witkin, Cal. Procedure, Actions, § 454, ¶. 484-485)).

### 3. Forgery (Third Claim)

Plaintiff argues that when the alleged DDA account was created, it was created in her name as a result of forgery. She also asserts that when the funds in the account were withdrawn, she never approved of the withdrawal and, therefore, that was accomplished by a forgery as well. The Court finds that the claim for forgery is barred by the applicable three year statute of limitations. Cal. Code Civ. Proc. § 338(d) (governing fraud-based claims). Plaintiff provides no facts showing that she did not or could not have found out about the alleged secret DDA account within three years of its creation, *i.e.,* by 2007. Moreover, plaintiff's allegations fail to state a claim because plaintiff has not and cannot allege facts showing that she was damaged by the alleged creation of a DDA account and the related forgery. As noted above, plaintiff received the benefit of her bargain; she bought the Property using the funds secured through World Savings Bank and her mortgage note.

Plaintiff's forgery claim, therefore, is DISMISSED without leave to amend.

### 4. Deceit (Fourth Claim)

Plaintiff argues that she was fraudulently induced to enter into the mortgage loan because the true nature of the loan – that defendant was not planning on loaning her any money – was concealed from her to her detriment. AC, ¶¶ 63-66. This claim is likewise subject to a three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). As with the prior claims, plaintiff has failed to alleged any facts showing that the alleged deceit was not clear at the time she entered into the mortgage loan or reasonably discoverable shortly thereafter.

More problematic, however, is that plaintiff has not, and given her theory cannot, allege that she was damaged by the alleged "back end" funding mechanisms used by World Savings Bank. As noted above, plaintiff received what she bargained for and the funding mechanisms allegedly used by defendant – the use of the secret DDA account and securitization of the promissory note – could not have damaged her.

Plaintiff's deceit claim, therefore, is DISMISSED without leave to amend.

7

### 5. Conversion (Fifth Claim)

Plaintiff alleges that defendant violated the promissory note and converted the funds she was due when defendant deposited the note or her "credit" into the secret DDA account. AC, ¶¶ 67-73. Conversion claims are subject to a three year statute of limitations. California Code of Civ. Proc. § 338(c)(1). As with the prior claims, plaintiff's conversion claim is barred by the statute of limitations. More fundamentally, however, plaintiff fails to state a claim as she cannot allege facts showing she was harmed by defendant's alleged funding mechanism.

Plaintiff's conversion claim, therefore, is DISMISSED without leave to amend.

### 6. Embezzlement (Sixth Claim)

Plaintiff alleges that defendant, by either removing the funds from the DDA account or transferring funds in an amount equal to that of her promissory note, embezzled funds. AC, ¶¶ 74-77. Embezzlement is likewise subject to a three year statute of limitations. Cal. Code Civ. Proc. 338(c)(1). As with her conversion claim, plaintiff's claim is barred by the statute of limitations and for failure to state a claim. Plaintiff does not point to any monies that were due to her from the transaction with World Savings Bank that were not provide or otherwise explains how she could have been damaged from the manner in which World Savings Bank funded her loan.

Plaintiff's embezzlement claim, therefore, is DISMISSED without leave to amend.

### 7. Conspiracy to Violate Civil Rights (Seventh Claim)

Plaintiff asserts that by the alleged fraud and misrepresentations discussed above, defendants violated her civil rights under 42 U.S.C. § 1983. AC, ¶¶ 78-83.[6] This claim fails as a matter of law, however, because none of the defendants are government actors or otherwise acting under color of state law. Section 1983 is applicable only to "state action," *i.e.*, conduct "fairly attributable to the State," *see Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal

---

[6] The defendants listed in the Amended Complaint are Wells Fargo bank, as well as its predecessors Wachovia and World Savings Bank. The only other defendant named in the Amended Complaint is Vanessa Perez, an officer of Wells Fargo.

8

quotation and citation omitted), and not to the acts of private parties, absent facts showing such private parties acted in concert with state actors. *Brunette v. Humane Soc'y*, 294 F.3d 1205 (9th Cir. 2002) (identifying limited circumstances under which a private actor can be held liable for a violation of federal constitutional rights). The defendants in this case – and those they are alleged to have conspired with – are private actors who cannot be held liable under Section 1983.

Plaintiff's conspiracy to violate civil rights claims, therefore, is DISMISSED without leave to amend.

### 8. Theft By Deception (Eighth Claim)

This claim rests on the same allegations as the prior fraud and deceit claims. It too is subject to a three year statute of limitation (Cal. Code Civ. Proc. § 338(c)(1)), and is barred because plaintiff fails to allege and cannot allege facts showing that defendant's conduct in funding the loan harmed plaintiff in any way.

Plaintiff's theft by deception claim, therefore, is DISMISSED without leave to amend.

### 9. Unlawful Seizure of Property (Ninth Claim)

This claim rests upon the allegation that plaintiff's Fourth and Fifth Amendment rights were violated by defendant's seizure of her home. This claim is likewise barred as a matter of law because defendant is not a government actor or otherwise acting under color of state law who could be liable for a violation of plaintiff's Fourth or Fifth Amendment rights under Section 1983.

Plaintiff's unlawful seizure claim, therefore, is DISMISSED without to leave to amend.

### 10. Retaliation (Tenth Claim)

In this claim, plaintiff appears to be alleging that the foreclosure and unlawful detainer actions were in retaliation for plaintiff exercising her constitutional rights. AC, ¶¶ 91-96. To the extent plaintiff is attempting to challenge the propriety of the foreclosure or unlawful detainer actions, as discussed above, those claims are foreclosed by the now-complete unlawful detainer proceeding. *See Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th at 975-76. To the extent, plaintiff is attempting to

9

argue that her constitutional rights have been infringed, that claim is foreclosed under Section 1983 as Wells Fargo is not a state actor or otherwise acting under color of state law.

Plaintiff's retaliation claim, therefore, is DISMISSED without leave to amend.

### 11. Violation of Civil Rights (Eleventh Claim)

Under this claim plaintiff asserts that the actions of defendant (and unidentified realtors) in foreclosing on plaintiff's home and then instituting the unlawful detainer action resulted in an unlawful seizure and entry into her home. To the extent plaintiff is attempting to challenge the propriety of the foreclosure or unlawful detainer actions, as discussed above, those claims are foreclosed by the now-complete unlawful detainer proceedings. *See Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th at 975-76. Moreover, these claims, like those asserted above, are barred as a matter of law because Wells Fargo is not a state actor or otherwise acting under color of state law.

Plaintiff's violation of civil rights claim, therefore, is DISMISSED without leave to amend.

### 12. Extortion (Twelfth Claim)

This claim appears to be based on the same conduct as plaintiff's other fraud-based claims. It too is subject to a three year statute of limitation (Cal. Code Civ. Proc. § 338(d)), and is barred because plaintiff fails to allege and cannot allege facts showing that defendant's conduct in funding the loan harmed plaintiff in any way.

Plaintiff's extortion claim, therefore, is DISMISSED without leave to amend.

### 13. Intentional Infliction of Emotional Distress (Thirteenth Claim)

Plaintiff alleges that the "intentional suppression of exculpatory criminal and financial evidence on the behalf of defendants has cost plaintiff not only emotional distress of being beaten on verbally for months and in fear for her financial life while she was under foreclosure, bank people repeatedly called threatened, demanding over and over again." AC, ¶ 112. Under California law, "the elements of the tort of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional

10

distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). Extreme and outrageous conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

To the extent plaintiff's IIED claim rests on her claims regarding the DDA account, it fails as a matter of law. As noted above, plaintiff has not and cannot plead facts showing that defendant's alleged funding mechanism – which did not harm plaintiff, as shown by her closing statement showing the funding of her loan – caused her any harm. To the extent plaintiff rests her IIED claim on conduct of the defendant surrounding the foreclosure and unlawful detainer proceedings, she fails to state a claim. Plaintiff does not allege any specific facts showing how defendant's conduct was outrageous. The Court notes that "pursuing one's economic interest" such as by instituting foreclosure or unlawful detainer proceedings does not qualify as "outrageous conduct" that supports a claim for IIED. *See Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 396 (1970); *see also Singh v. Litton Loan Servicing LP*, 2011 U.S. Dist. LEXIS 49145, *29 (E.D. Cal. Apr. 28, 2011) (dismissing IIED claim where "complaint points to no conduct of Litton outside that generally accepted in loan servicing, debt collection and/or the foreclosure process, which is inherently stressful for debtors.").[7]

Plaintiff's IIED claim, therefore, is DISMISSED. Since plaintiff has already been allowed to file several amended pleadings, no further amendment will be allowed.[8]

### 14. Abuse of Process (Fourteenth Claim)

Plaintiff alleges that defendant used unspecified "criminal processes" against her in order to

---

[7] The Court also notes that plaintiff's challenge to the declaration of Vanessa Perez fall far short of facts which would support a claim for IIED.

[8] To the extent Wells Fargo asserts that plaintiff's IIED tort claim is preempted under the Home Owners' Loan Act ("HOLA"), the Court does not make any such finding. *See, e.g., Lopez v. Wachovia Mortg.*, 2010 U.S. Dist. LEXIS 72439 (N.D. Cal. July 19, 2010) ("defendant may be liable for claims based upon breach of contract and tort laws that are of general applicability to all businesses and that only incidentally affect lending operations.").

11

intimidate and coerce her from asserting her rights, AC, ¶ 116, and that defendant falsely advertised, forged, and committed mail and wire fraud in an attempt to extort funds from plaintiff. *Id*., ¶ 117. To state a claim for abuse of process, plaintiff must show that defendant used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Spellens v. Spellens*, 49 Cal. 2d 210, 231, 317 P.2d 613 (1957). The essential elements of this claim are: (1) that defendant acted with an ulterior motive; and (2) that a willful act or threat was committed by defendant, not authorized by the process and not proper in the regular conduct of some official proceedings; and (3) that defendant's misuse of the legal process was a cause of injury, damage, loss or harm to plaintiff. *Id*. at 232. The nature of the tort is that it is committed by the misuse of process, *i.e*., the use of process for a purpose other than that for which it is designed. Witkin, Summary of California Law § 517 (2005). A claim for abuse of process must be based on action taken pursuant to judicial authority. *See Adams v. Super. Ct.*, 2 Cal. App. 4th 521, 530 (Cal App. 1992) ("Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court.").

Plaintiff's complaint is devoid of any facts explaining the basis of her abuse of process claim, in particular what legal process defendant allegedly abused. The Court notes that actions taken in non-judicial foreclosure proceedings cannot form the basis of an abuse of process claim. *See, e.g., Smith v. Wachovia*, 2009 U.S. Dist. LEXIS 57553, *13 (N.D. Cal. July 6, 2009). The Court also notes, with respect to the unlawful detainer action, that this Court is bound by principles of *res judicata* and must conclude, in light of the default judgment in that proceeding, that Wells Fargo was entitled to possession of the Property. Therefore all acts defendants took that were authorized by the unlawful detainer judgment, for example taking possession of the Property and disposing of any contents of the house consistent with state law, cannot form the basis of an abuse of process claim.

Plaintiff's abuse of process claim, therefore, is DISMISSED. Since plaintiff has already been allowed to file several amended pleadings, no further amendment will be allowed.

**15.    Common Law Commercial Lien Default (Fifteenth Claim)**

This claim appears to be dependent on plaintiff's assertion that she is owed $5 million in damages by defendant for the foregoing claims. AC, ¶¶ 119-124. Plaintiff provides no authority that

12

she can state a "claim" for commercial lien based on claims asserted in a lawsuit which have not resulted in a judgment.

Plaintiff's claim for commercial lien default, therefore, is DISMISSED without leave to amend.

## II. Other Claims Raised by Plaintiff and Plaintiff's Motion for Summary Judgment

In various filings, plaintiff has attempted to raise additional claims beyond those included in her 131 paragraph Amended Complaint. The Court will address these additional issues and claims in order to demonstrate why leave should not be granted for plaintiff to include the newly raised claims in a further amended complaint.

On August 12, 2011, plaintiff filed a declaration and ex parte motion raising additional claims. Docket No. 41. The August 12 filing initially argues that this case should be stayed in light of plaintiff's bankruptcy and that defense counsel should be sanctioned for pursuing the case despite the bankruptcy stay. *Id*., at 3-4. As noted above, the Court found that this case was not stayed by plaintiff's bankruptcy. *See* Docket 44. In that filing, plaintiff also attempted to bring an ex parte motion for sanctions against defense counsel for violating the bankruptcy stay and a motion for discovery. Docket No. 41-9, pgs. 121-22. The Court DENIES both of those motions because there are no grounds for sanctions against defense counsel related to the bankruptcy stay and the motion for discovery is both premature and not properly noticed.

In that same document, plaintiff asserts that her complaint must be amended to add up all damages done to plaintiff by the foreclosure and the throwing out of her personal items, presumably following the unlawful detainer action. Docket No. 41, pg. 7. However, plaintiff's claim for damages rests solely on her argument that the foreclosure was improper and, as such, there was no right to unlawful detainer giving possession to Wells Fargo. However, plaintiff cannot challenge the propriety of the foreclosure or unlawful detainer actions because, as discussed above, those claims are foreclosed by the now-complete unlawful detainer proceedings. *See Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th at 975-76.

On August 29, 2011, plaintiff filed a request for judicial notice. Docket No. 47. In that "request" plaintiff raises the question of whether Wells Fargo had standing to foreclose on the Property

13

because the mortgage note was "obviously" securitized. Docket No. 47, pg. 3. Plaintiff relies on *Demucha v. Wells Fargo Home Mortg.*, 2011 Cal. App. Unpub. LEXIS 5051 (Cal. App. 5th Dist. July 5, 2011), an unpublished decision from the Fifth District California Court of Appeal. *Demucha*, however, does not support plaintiff's arguments here. In *Demucha*, the Court rejected Wells Fargo's attempt to demur to a quiet title action where the deed of trust did not identify Wells Fargo as the original beneficiary and no other record identified how Wells Fargo allegedly became a beneficiary under the deed of trust. Here, however, plaintiff's original complaint identifies how Wells Fargo became the beneficiary under the loan. Complaint, ¶ 3; *see also* RJN Docket No. 36, Exs. 2-5 (explaining name change and merger that led to Wells Fargo being beneficiary of mortgages initiated by World Savings Bank, FSB). Nothing in the allegations in plaintiff's Amended Complaint, the documents she attaches thereto, or the documents attached to her multiple requests for judicial notice call into question Wells Fargo's standing. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (Cal. App. 2011) (given "the presumption of regularity," in non-judicial foreclosures, "if plaintiff contended the sale was invalid because HSBC had no authority to conduct the sale, the burden rested with plaintiff affirmatively to plead facts demonstrating the impropriety.").

Plaintiff also attempts to raise a fraud claim, arguing that her loan was "predatory." Docket No. 47, pg. 3. However, as with her fraud claims discussed above, that claim would be barred by the applicable three year statute of limitations because the "predatory" loan was entered into in 2004. Cal. Code Civ. Proc. § 338(d).

In her opposition to defendant's motion to dismiss, filed September 23, 2011, plaintiff argues that defendant's motion should be construed as one for summary judgment and she then attempts to raise additional claims. *See* Docket No. 48. First, plaintiff argues that defendant's conduct violated "due process" because she was not given a trial on the foreclosure or unlawful detainer. As noted above, however, plaintiff cannot assert a constitutional due process claim against Wells Fargo because Wells Fargo is not a state actor or otherwise alleged to be acting under color of state law. *See also Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094 (9th Cir. 2003), *cert. denied*, 540 U.S. 948 (non-judicial foreclosure proceedings do not involve state action).

Plaintiff also raises a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"),

14

15 U.S.C. § 1681, *et seq*. Docket No. 48 at 2. Plaintiff argues that defendants have not, in response to plaintiff's requests, verified that a debt is due pursuant to the FDCPA. 15 U.S.C. § 1692g. However, Wells Fargo's actions at issue in this case – activities related to foreclosure proceedings – are not covered by the FDCPA. *See, e.g., Ligon v. JP Morgan Chase Bank*, 2011 U.S. Dist. LEXIS 68840, *9 (N.D. Cal. June 27, 2011) (collecting cases).

Plaintiff also attempts to raise a "fraudulent foreclosure" claim. However, as noted above, that claim is foreclosed by the now-concluded unlawful detainer proceedings. Plaintiff's allegation that Wells Fargo lacks standing to foreclose and is not the real party in interest because Wells Fargo is not "the present holder of a contract" with plaintiff, fares no better. Possession of the original promissory note is not a necessary predicate to institute a non-judicial foreclosure. *See, e.g., Pagtalunan v. Reunion Mortg., Inc.,* 2009 U.S. Dist. LEXIS 34811, *6 (N.D. Cal. Apr. 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."). As noted above, plaintiff's own allegations and documents which the Court may take judicial notice of demonstrate how Wells Fargo came to be the beneficiary of the note plaintiff entered into with World Savings Bank. In absence of specific facts alleged by plaintiff to challenge Wells Fargo's standing as the beneficiary, plaintiff's fraudulent foreclosure claim fails as a matter of law. *Fontenot,* 198 Cal. App. 4th at 270 ("if plaintiff contended the sale was invalid because HSBC had no authority to conduct the sale, the burden rested with plaintiff affirmatively to plead facts demonstrating the impropriety.").

Finally, plaintiff's argument that defendant's failure to answer entitles her to default judgment is without merit. Defendant filed timely motions to dismiss and strike pursuant to Federal Rule of Civil Procedure 12, which suffices. FRCP 12(a)(4)(A).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 7, 2011

SUSAN ILLSTON
United States District Judge

15